UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA

PEDRO PEREZ,

    Plaintiff,

v.

THE OTIS R. BOWEN CENTER FOR
HUMAN SERVICES, INC., CITY OF
AUBURN, OFFICER J. JAMES,
OFFICER C. HARRUFF, OFFICER
J. PLANK, and EUGENE STOVER,

    Defendants.

CAUSE NO.: 1:18-CV-205-TLS

**OPINION AND ORDER**

The Plaintiff in this cause, Pedro Perez, filed suit against a mental health center (the Bowen Center) and one of its counselors (Eugene Stover), the City of Auburn, Indiana, and three of the City's police officers, alleging violations of federal and state law in connection with his detention on July 21, 2016. The Plaintiff claims that the detention violated his rights under the Fourth Amendment to be free from unconstitutional seizure and entry into his home, and right to be free from excessive force. The Plaintiff also alleges that the false arrest, unlawful detention, and excessive force violated the tort laws of the State of Indiana. The Bowen Center and Eugene Stover have filed a Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 34]. The Motion has been fully briefed and is ripe for the Court's consideration.

**COMPLAINT ALLEGATIONS**

On July 19, 2016, the Plaintiff visited the Bowen Center to seek counseling. (Second Am. Compl. ¶ 4, ECF No. 32.) He met with counselor Eugene Stover, who advised the Plaintiff that he would be placed on an involuntary seventy-two hour hold for evaluation. (*Id.*) The Plaintiff

asked Stover to reconsider so that the Plaintiff would not lose his job. (*Id.*) Stover advised the Plaintiff that he would make a few calls and get back to the Plaintiff. (*Id.*) The Plaintiff left the Bowen Center and went home. (*Id.*) Stover called the police to arrest the Plaintiff and get him back to the Bowen Center even though there was no warrant for his arrest or judicial orders. (*Id.* ¶¶ 5, 10.a, 10.d.)

About three hours later, three City of Auburn police officers arrived at his home and advised the Plaintiff that they had a warrant to detain him and bring him to the Bowen Center. (*Id.* ¶ 5.) When the Plaintiff asked to see the warrant, the officers claimed to have left it at the police department. (*Id.*) The officers' claims were false, and no warrant existed authorizing the Plaintiff's detention. (*Id.*)

The Plaintiff refused to be taken into custody unless the officers could provide a warrant. (*Id.* ¶ 6.) The Plaintiff attempted to close his front door, but the officers rushed in, grabbed his arms, tased him, battered him, shackled his ankles, and arrested him. (*Id.*) The officers took the Plaintiff to the emergency room for evaluation. (*Id.* ¶ 7.) After he was evaluated by the medical staff, the Plaintiff was released and returned to his home. (*Id.*) None of the safeguards for civil commitment had been followed prior to the Plaintiff's arrest. (*Id.* ¶ 10.c.)

## ANALYSIS

The Bowen Center and Stover argue that the Second Amended Complaint does not state a claim for relief against them under 42 U.S.C. § 1983. The Defendants' Motion to Dismiss does present any analysis of the claims under 42 U.S.C. § 1985 or state law. Therefore, the Court will also limit its analysis to a discussion of the claims asserted against the Bowen Center and Stover under 42 U.S.C. § 1983.

2

Under Rule 8's pleading requirements, a Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" that is sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed. R. Civ. P. 8(a)(2). To assure that a pleading suffices to give effective notice to the opposing party, a complaint must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

### A. Section 1983 Claim Against Stover

"The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Stover argues that the Second Amended Complaint fails to plausibly allege that he acted under color of state law.

3

Private citizens, as well as state officials, are capable of acting under color of state law. *See Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). "A private person may . . . incur § 1983 liability by engaging in joint action with state officials to deprive a person of a federally protected right." *Id.* (first citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), then citing *Hudson v. Chi. Teachers Union Local No. 1*, 743 F.2d 1187, 1191 (7th Cir. 1984)). "[P]rivate parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so; '[t]here must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal.'" *Hughes*, 880 F.2d at 972 (quoting *Gramenos v. Jewel Cos.*, 797 F.2d 432, 435 (7th Cir. 1986)). "For a private actor to act under color of state law he must have 'had a meeting of the minds and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)) (internal quotation marks omitted).

Stover argues that *Gramenos v. Jewel Companies* warrants dismissal of the § 1983 claim against him. In *Gramenos*, a shopkeeper held a suspected shoplifter until police arrived at the store and arrested him based on a security guard's version of events. 797 F.2d at 433–34. The court, applying the standards applicable to summary judgment, determined that the shopkeeper and its security guard were not government actors. The court noted that "[i]f the police promise to arrest anyone the shopkeeper designates, then the shopkeeper is exercising the state's function and is treated as if he were the state." *Id.* at 435. On the other hand, where a shopkeeper "is operating independently, his conduct is judged under the state tort law (false arrest, malicious prosecution, slander, and the like) rather than the fourth amendment." *Id.* at 435–36. Although the parties agreed on these statements of law, they did not agree on their application to the facts

of the case. The court held that, because every significant actor in the case denied during deposition testimony "that there was any arrangement, plan, or scheme under which the police would arrest anyone Jewel wanted arrested," and the plaintiff "did not present any evidence to pierce these denials," the plaintiff did not have any evidence of conspiracy that he could take to a jury. *Id.* at 436 (finding no genuine dispute about a material fact "when the point of *every* witness's statement was that there was no agreement, and the police exercised independent judgment").

The Court finds *Gramenos* to be distinguishable. First, pleading standards are markedly different than summary judgment standards. The Plaintiff is not required to present the evidence that would establish a joint course of action with a common goal. He need only plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," even where "actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556; *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) (explaining that a plausible claim need only "include enough details about the subject-matter of the case to present a story that holds together") (quoting *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)). Although it is a close call, the Plaintiff has alleged as much. The essence of the Plaintiff's claim—plausibly inferred from the factual allegations set forth in the Complaint—is that Stover called the local police department to arrest the Plaintiff and get him back to the Bowen Center for evaluation even though there were no civil commitment proceedings or judicial orders. Within hours, the police responded, locating the Plaintiff at his home to effectuate a warrantless seizure, and telling the Plaintiff that they "had a warrant to detain him and deliver him to the Bowen Center." (Second Am. Compl. ¶ 5.) It is plausible, considering these facts, that the police officers were not exercising independent judgment. The

Plaintiff need not allege the exact details of the conversation between Stover and the police at this stage of the proceedings.

While the Complaint contains sufficient allegations of joint action between the private and government defendants to accomplish the shared unconstitutional goal to seize the Plaintiff from his home, it does not plausibly suggest that Stover and the police officer defendants shared a common, unconstitutional goal to use excessive and unreasonable force. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Although the Second Amended Complaint contains the legal conclusion regarding a conspiracy that involved the use of excessive force, there are no facts alleged to support this conclusion. Rather, it is just as likely, based on the allegations in the Second Amended Complaint, that the officers were exercising independent judgment when it came to the manner in which the seizure was carried out. *See McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (explaining that factual allegations must nudge claims "across the line from conceivable to plausible") (first quoting *Iqbal*, 556 U.S. at 683, then quoting *Twombly*, 550 U.S. at 570); *see also Archer v. Chisholm*, 870 F.3d 603, 614 (7th Cir. 2017) (finding that a complaint must do more than express "a hunch that something went awry").

B. Section 1983 Claim Against the Bowen Center

The allegations in the Second Amended Complaint do not state a claim for relief against the Bowen Center under § 1983. The Second Amended Complaint names the Bowen Center as a Defendant under a theory or respondeat superior, alleging that it is liable for the actions of Stover. (Second Am. Compl. ¶ 2.) Because "[r]espondeat superior liability does not apply to private corporations under § 1983," *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir.

6

2014), and the Second Amended Complaint does not identify an unconstitutional policy or custom of the Bowen Center that was the moving force behind the constitutional violations, the Court concludes that the Plaintiff did not intend to assert a § 1983 claim against the Bowen Center. Rather, it appears that the Plaintiff is suing the Bowen Center in connection with his state law claims. Those claims are not the subject of the Motion to Dismiss. Accordingly, the Court renders no opinion on whether those claims are plausible, and the Bowen Center must still answer the state law claims.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss [ECF No. 34].

SO ORDERED on December 19, 2018.

                                               s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT